1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UTAH KOON, | ) 1:11-cv—00131-SMS-HC |
| | ) |
|           Petitioner, | ) ORDER DISCHARGING ORDER TO SHOW |
| | ) CAUSE (DOC. 5) |
| | ) |
|   v. | ) ORDER GRANTING PETITIONER'S |
| | ) MOTION TO AMEND THE PETITION TO |
| R. E. BARNES, Warden, | ) WITHDRAW UNEXHAUSTED CLAIM |
| | ) CONCERNING INEFFECTIVE ASSISTANCE |
|           Respondent. | ) OF COUNSEL (DOC. 6) |
| | ) |
| _____ | ) ORDER REQUIRING RESPONDENT TO |

FILE A RESPONSE TO PETITIONER'S
CLAIMS CONCERNING INSTRUCTIONAL
ERROR AND THE INSUFFICIENCY OF
THE EVIDENCE TO SUPPORT HIS
CONVICTION

ORDER SETTING A BRIEFING SCHEDULE

ORDER DIRECTING THE CLERK TO
SERVE DOCUMENTS ON THE ATTORNEY
GENERAL

     Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C.§ 636(b)(1) and Local Rules 302 and 303.  Pending before the Court is Petitioner's response to the order to show cause that issued on February 11, 2011.

I.   <u>Discharge of the Order to Show Cause</u>

On February 11, 2011, the Court directed Petitioner to show cause why the petition should not be dismissed as a mixed petition containing both exhausted claims and claims as to which Petitioner's state court remedies had not been exhausted.

Petitioner responded to the order to show cause on February 25, 2011.

Accordingly, the order to show cause will be discharged.

II.   <u>Amendment of Petition to Withdraw Unexhausted Claim</u>

Petitioner alleges three claims in the petition: 1) appellate counsel was ineffective for failing to raise on appeal the insufficiency of the evidence to support Petitioner's convictions; 2) an erroneous jury instruction concerning motive, which permitted consideration of unemployment and poverty as evidence tending to show guilt, violated his rights to due process of law and a fair trial in violation of the Fifth, Sixth, and Fourteenth Amendments; and 3) the evidence was insufficient to support his convictions, and thus Petitioner suffered a violation of due process of law.  (Pet. 4-5.)

In his response to the order to show cause, Petitioner stated that his claim concerning the allegedly ineffective assistance of counsel was unexhausted and moved to amend the petition to withdraw the claim so that the other claims, which Petitioner stated were properly exhausted, could be properly reviewed in this proceeding.

Petitioner's motion to amend the petition to withdraw the claim concerning the allegedly ineffective assistance of counsel will be granted, and the action will proceed on Petitioner's

remaining claims.

III.  <u>Response to the Petition</u>

With respect to Petitioner's claims concerning the insufficiency of the evidence and instructional error, the Court has conducted a preliminary review of the petition.  It is not clear from the face of the petition whether Petitioner is entitled to relief.  28 U.S.C. § 2243.

Accordingly, Respondent will be directed to respond to these claims.

IV.  <u>Disposition</u>

Accordingly, it is ORDERED that

1)  The order to show cause that issued on February 11, 2011, is DISCHARGED; and

2) Petitioner's motion to amend the petition to withdraw the claim concerning the allegedly ineffective assistance of counsel is GRANTED, and the action will PROCEED on Petitioner's remaining claims; and

3) With respect to Petitioner's claims concerning the insufficiency of the evidence and instructional error, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[1] the Court hereby ORDERS:

---

[1]The Federal Rules of Civil Procedure "apply to proceedings for habeas corpus ... to the extent that the practice in those proceedings (A) is not specified in a federal statute, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Cases; and (B) has previously conformed to the practice in civil actions."  Fed. R. Civ. P. 81(a)(4).  Rule 12 also provides "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."  Rule 12, Rules Governing Section 2254 Cases.

a)   Respondent SHALL FILE a RESPONSE to the petition[2] within **SIXTY (60) days** of the date of service of this order.   See Rule 4, Rules Governing Section 2254 Cases; Cluchette v. Rushen, 770 F.2d 1469, 1473-1474 (9th Cir. 1985) (court has discretion to fix time for filing a response).   A response can be made by filing one of the following:

1)   An ANSWER addressing the merits of the petition.   Respondent SHALL INCLUDE with the ANSWER any and all transcripts or other documents necessary for the resolution of the issues presented in the petition.   See Rule 5, Rules Governing Section 2254 Cases.   Any argument by Respondent that a claim of Petitioner has been *procedurally defaulted* SHALL BE MADE in the ANSWER, but must also address the merits of the claim asserted.

2)   A MOTION TO DISMISS the petition.   A motion to dismiss SHALL INCLUDE copies of all Petitioner's state court filings and dispositive rulings.   See Rule 5, Rules Governing Section 2254 Cases.[3]

b)   If Respondent files an answer to the petition,

---

[2]Respondent is advised that a scanned copy of the petition is available in the Court's electronic case filing system (CM/ECF).

[3]Rule 4 of the Rules Governing Section 2254 Cases provides that upon the Court's determination that summary dismissal is inappropriate, the "judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."   Rule 4, Rules Governing Section 2254 Cases; see also Advisory Committee Notes to Rules 4 and 5 of Rules Governing Section 2254 Cases (stating that a dismissal may obviate the need for filing an answer on the substantive merits of the petition and that the respondent may file a motion to dismiss for failure to exhaust); White v. Lewis , 874 F.2d 599, 602-03 (9th Cir. 1989) (providing that a motion to dismiss pursuant to Rule 4 is proper in a federal habeas proceeding).

Petitioner MAY FILE a traverse within **THIRTY (30) days** of the date Respondent's answer is filed with the Court.  If no traverse is filed, the petition and answer are deemed submitted at the expiration of the thirty (30) days.

c.  If Respondent files a motion to dismiss, Petitioner SHALL FILE an opposition or statement of non-opposition within **TWENTY-ONE (21) days** of the date Respondent's motion is filed with the Court.  If no opposition is filed, the motion to dismiss is deemed submitted at the expiration of the thirty (30) days. Any reply to an opposition to the motion to dismiss SHALL BE FILED within **SEVEN (7) days** after the opposition is served.

d.  Unless already submitted, both Respondent and Petitioner SHALL COMPLETE and RETURN to the Court within **THIRTY (30) days** a consent/decline form indicating whether the party consents or declines to consent to the jurisdiction of the United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(c)(1).

4.  The Clerk of the Court is DIRECTED to SERVE a copy of this order on the Attorney General or his representative.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court.  Local Rule 230(l).  Requests for extensions of time will only be granted upon a showing of good cause.  All provisions of Local Rule 110 are applicable to this order.

IT IS SO ORDERED.

**Dated:    July 26, 2011** _____/s/ Sandra M. Snyder_____
UNITED STATES MAGISTRATE JUDGE